Johnson, Ch.
We concur in the judgment pronounced in the Circuit Court. There is no question that Jane Dawson took under the will of her father, Arnoldus Vanderhorst, a fee simple in the real estates devised (now the only subject in controversy) with a limitation over, on her dying without leaving issue living; and that having survived her husband and leaving issue, she had the right to dispose of it by will. It follows therefore, that the sale of her executors, under the authority of her will, would be binding on her heirs.
But the allegation on the part of the complainant is, that there is an implied covenant on the part of Jane Dawson, arising out of the bond executed by her intended husband, Lawrence M. Dawson, to trustees in contemplation of their marriage, that the property to which she might become entitled under the will of her father, should be conveyed and settled to their joint use for life, then to the said Jane for life, and after her death, to the heirs of her body, &c; and it is insisted that under this covenant, her children are entitled to take as purchasers, and therefore the sale by her executors was void.
Jane is not, however, a party to this bond; and the conclusion of the Circuit Court is, that there is no evidence to shew that she ever acquiesced in it, or knew of its existence or contents. This conclusion is entirely satisfactory to the Court, and it would be a Waste of words to attempt to demonstrate that one who is not a party to a contract is not bound by it. The attempt to sustain it on the ground that her father knew of, and consented to the provisions of the bond, even assuming that the fact was clearly and fully proved, is equally unavailing. Jane was of full age at the time, and no authority or example will be found to support the position that *154 one competent to contract, is bound by a contract made by another in his behalf, without his authority.
If Jane had been under age at the time, the case, I suppose, for the reasons which I have urged in Fraser v. Lester, (Charleston, M. S.) would have been otherwise; but there is no analogy between the cases. The legal incapacity of an infant to make a valid contract and the necessity for protecting her interest, are the foundations of the argument in support of the authority of the father to bind her by a marriage contract, and do not apply to the case of an adult. The appeal is dismissed.